NOT DESIGNATED FOR PUBLICATION

No. 114,566

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

TERRY EDWARD CLUTCHEY,
*Appellant*.


MEMORANDUM OPINION

Appeal from Sedgwick District Court; CHRISTOPHER M. MAGANA, judge. Opinion filed December 9, 2016. Reversed and remanded with directions.

*Kimberly Streit Vogelsberg*, of Kansas Appellate Defender Office, for appellant.

*Matt J. Maloney¸* assistant district attorney, *Marc Bennett*, district attorney, and *Derek Schmidt*, attorney general, for appellee.


Before PIERRON, P.J., ATCHESON and ARNOLD-BURGER, JJ.


*Per Curiam*:  The Sedgwick County District Court erroneously characterized Defendant Terry Edward Clutchey as an absconder and, as a result, improperly revoked his probation and ordered him to serve a 29-month prison sentence without first imposing an intermediate sanction. The State suggests the district court attempted to buttress its decision on the grounds Clutchey's welfare would not be served by an intermediate sanction, but the district court neither identified that reason nor offered a particularized explanation supporting it. The district court's decision, therefore, failed to conform to the

1

requirements of K.S.A. 2015 Supp. 22-3716(c). We reverse and remand for further proceedings.

In March 2014, Clutchey pleaded guilty to attempted aggravated escape from custody, a felony violation of K.S.A. 2013 Supp. 21-5911; he was later given a 29-month prison sentence and placed on probation for 24 months. In May 2015, the State alleged Clutchey had violated his probation by failing to report to his probation officer on April 29, inform his probation officer of a change of address, and attend drug treatment on May 11. Clutchey was arrested on a warrant for the probation violations in early June, and the district court held a revocation hearing on July 7.

At the hearing, Clutchey admitted to the violations and both personally and through his lawyer told the district court he had been confused about when and where he was to next see his probation officer and to attend drug treatment. Based on Clutchey's admission, the district court revoked his probation. The district court essentially rejected the attempts to mitigate the violations and found Clutchey deliberately failed to show up when and where he was supposed to between April 29 and his arrest on the warrant. The district court characterized Clutchey as an absconder and ordered that he serve his underlying prison sentence for that reason, bypassing any intermediate sanction.

In coming to that conclusion, the district court told Clutchey he had been given "a major break" in receiving probation and proceeded to squander the opportunity when he "just quit reporting for a month." The district court went on to say, "Clearly, probation is not something you're willing to follow[,] and I'm not going to waste further resources . . . here trying to supervise you."

Clutchey has appealed the district court's order that he serve his underlying prison sentence without first having been punished with an intermediate sanction.

2

Probation is an act of judicial leniency afforded a defendant as a privilege rather than a right. See *State v. Gary,* 282 Kan. 232, 237, 144 P.3d 634 (2006). A district court's decision to revoke probation usually involves two steps:  (1) a factual determination that the probationer has violated a condition of probation; and (2) a discretionary determination as to the appropriate disposition in light of any proved violation. *State v. Skolaut*, 286 Kan. 219, Syl. ¶ 4, 182 P.3d 1231 (2008).

A defendant's stipulation to the alleged violation satisfies the first step. Here, Clutchey so stipulated, obviating the State's duty to prove the violation by a preponderance of the evidence. See *State v. Gumfory,* 281 Kan. 1168, 1170, 135 P.3d 1191 (2006); *State v. Inkelaar*, 38 Kan. App. 2d 312, 315, 164 P.3d 844 (2007), *rev. denied* 286 Kan. 1183 (2008). After a violation has been established, the decision to reinstate probation or to revoke and incarcerate the probationer rests within the sound discretion of the district court. See *Skolaut,* 286 Kan. at 227-28. A district court abuses that discretion if it rules in a way no reasonable judicial officer would under the circumstances, if it ignores controlling facts or relies on unproven factual representations, or if it acts outside the legal framework appropriate to the issue. See *Northern Natural Gas Co. v. ONEOK Field Services Co.*, 296 Kan. 906, 935, 296 P.3d 1106, *cert. denied* 134 S. Ct. 162 (2013); *State v. Ward*, 292 Kan. 541, Syl. ¶ 3, 256 P.3d 801 (2011), *cert. denied* 132 S. Ct. 1594 (2012). Clutchey carries the burden of showing that the district court exceeded its discretion. See *State v. Stafford,* 296 Kan. 25, 45, 290 P.3d 562 (2012).

As set out in K.S.A. 2015 Supp. 22-3716, a district court commonly must impose sequentially escalating sanctions—periods of incarceration ranging from 3 to 180 days— before ordering a defendant to serve his or her underlying prison sentence in a given criminal case. But a district court may bypass those sanctions if the defendant commits a new felony or misdemeanor or "absconds from supervision" while on probation. K.S.A. 2015 Supp. 22-3716(c)(8). A district court may likewise dispense with those sanctions by "set[ting] forth with particularity" why they would jeopardize "the safety of members of

the public" or fail to serve "the welfare of the offender." K.S.A. 2015 Supp. 22-3716(c)(9).[*]

[*]Clutchey has challenged the sufficiency of the district court's decision for the first time on appeal. Appellate courts generally decline to consider points not presented to the district court. *State v. Kelly*, 298 Kan. 965, 971, 318 P.3d 987 (2014). But we recognize an exception when consideration will "serve the ends of justice." *State v. Phillips*, 299 Kan. 479, 493, 325 P.3d 1095 (2014). This is such a case. By taking up the issue, we serve the strong legislative purpose expressed in K.S.A. 2015 Supp. 22-3716(c) for reform of probation and sentencing standards with an eye toward alleviating both prison overcrowding and extended incarceration of defendants amenable to lesser sanctions. See *State v. Lane*, No. 111,110, 2015 WL 802739, at *3 (Kan. App. 2015) (unpublished opinion). Here, too, the relevant facts are undisputed, so we address what are functionally questions of law.

The issues here turn on whether the district court applied the appropriate legal framework to the probation revocation. This court's decision in *State v. Huckey*, 51 Kan. App. 2d 451, Syl. ¶ 5, 348 P.3d 997 (2015), *rev. denied* 302 Kan. 1015 (2015), construing "absconding" as a probation violation is particularly pertinent. The *Huckey* decision was published about 1 1/2 months before Clutchey's revocation hearing.

In *Huckey*, this court held that within the probation scheme outlined in K.S.A. 2014 Supp. 22-3716, absconding entails more than simply failing to report as required. 51 Kan. App. 2d at 457. Rather, the probationer must have "fled or hidden himself or deliberately acted to avoid arrest, prosecution, or service of process." 51 Kan. App. 2d at 458. In this case, the State presented no evidence Clutchey had left the jurisdiction or had otherwise gone underground to avoid being found. The district court simply found that Clutchey failed to report to his probation officer for a month and didn't show up at a drug treatment program and, in turn, equated his conduct to absconding. That amounted to error.

4

The district court, therefore, did not find sufficient legal grounds under K.S.A. 2015 Supp. 22-3716(c)(8) to avoid imposing an intermediate sanction on Clutchey for the probation violations he admitted. In short, the district court erred in determining Clutchey to be an absconder and could not rely on that reason to require he serve his underlying prison sentence.

The State argues that the district court also found that imposing an intermediate sanction on Clutchey would not have served his welfare—a separate statutory ground for dispensing with intermediate sanctions under K.S.A. 2015 Supp. 22-3716(c)(9). Although the district court alluded to Clutchey's criminal history and chastised Clutchey for being cavalier about the obligations of his probation, it did not reference the offender-welfare exception to intermediate sanctions. Nor did the district court say explicitly or implicitly that Clutchey's own welfare would be enhanced in the long run if he were to serve his underlying sentence. To the contrary, the district court stated the criminal justice system would benefit from Clutchey's incarceration because it could then redirect the resources it had been expending on his probation.

The transcript of the revocation hearing belies the State's argument. The district court did not appear to have considered K.S.A. 2015 Supp. 22-3716(c)(9) in ordering Clutchey to prison. Even if that appearance were inaccurate, the district court did not state "with particularity the reasons" Clutchey's welfare would be furthered by his imprisonment. See *State v. Bailey*, No. 112,790, 2015 WL 8590550, at *3 (Kan. App. 2015) (unpublished opinion) (to satisfy particularity requirement of K.S.A. 2013 Supp. 22-3716(c)(9) district court must outline reasons with exactitude and attention to detail); *State v. Smith*, No. 112,604, 2015 WL 7693769, at *3-4 (Kan. App. 2015) (unpublished opinion) (same). An order lacking the required particularity must be reversed. So the alternative basis the State suggests for dispensing with intermediate sanctions also falls outside the requisite legal framework and necessarily fails.

5

We reverse the district court's order requiring Clutchey to serve the 29-month prison sentence and remand for further proceedings regarding the probation revocation consistent with this opinion.